**Roger Pat BAKER, Plaintiff-Appellant,**

v.

**CAWTHON MOTOR COMPANY d/b/a Cawthon–Price Motor Company, Defendant-Appellee.**

No. 78–1137.

United States Court of Appeals, Fifth Circuit.

Oct. 27, 1980.

Dennis S. Mackin, Atlanta, Ga., for plaintiff–appellant.

Arthur P. Tranakos, Atlanta, Ga., for defendant–appellee.

Before GEE, TJOFLAT and ANDERSON, Circuit Judges.

TJOFLAT, Circuit Judge:

The sole question in this appeal is whether the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. §§ 1901–1991 (1976), requires the seller of a new motor vehicle to disclose the vehicle's mileage to its buyer.

I

On December 2, 1975, Roger Pat Baker purchased a new, demonstrator model Fiat automobile from Cawthon Motor Company in East Point, Georgia. Baker purchased the automobile for personal use. At the time of purchase, the seller provided Baker with an odometer disclosure statement indicating that the Fiat had traveled 201.3 miles. Baker subsequently learned that the automobile had traveled farther than certified by the transferor in the disclosure statement, and filed a damages action in the district court under the odometer disclosure provisions of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. §§ 1988, 1989 (1976).

Cawthon Motor Company sought dismissal of the action on the ground that a regulation promulgated by the Secretary of Transportation to implement the odometer disclosure requirements of 15 U.S.C. § 1988 exempts new car sales from its requirements. 49 C.F.R. § 580.5(b) (1979). The district court agreed with this interpretation of the regulation and dismissed Baker's suit. We reverse.

II

Section 1988 of Title 15 provides:

Disclosure requirements upon transfer of ownership of motor vehicle

(a) Promulgation of rules

Not later than 90 days after October 20, 1972, the Secretary shall prescribe rules requiring any transferor to give the following written disclosure to the transferee in connection with the transfer of ownership of a motor vehicle:

(1) Disclosure of the cumulative mileage registered on the odometer.

(2) Disclosure that the actual mileage is unknown, if the odometer reading is known to the transferor to be different from the number of miles the vehicle has actually traveled.

Such rules shall prescribe the manner in which information shall be disclosed under this section and in which such information shall be retained.

The Congressional purpose in issuing this mandate is clear: "It is therefore the purpose of this subchapter to prohibit tampering with odometers on motor vehicles and to establish certain safeguards for the protection of purchasers with respect to the sale of motor vehicles having altered or reset odometers." 15 U.S.C. § 1981 (1976). *See also* Conf.Rep. No. 92–1476, 92d Cong., 2d Sess. 25–26, *reprinted in* [1972] U.S.Code Cong. & Admin. News pp. 3960, 3983, 3990.

Pursuant to section 1988, the Secretary of Transportation issued regulations implementing the odometer disclosure requirements. 49 C.F.R. §§ 580.1–580.7 (1979). Section 580.5(b) of the regulations purports to provide an exemption from the statute's disclosure requirements: "A transferor of a new vehicle prior to its first transfer for purposes other than resale need not disclose the vehicle's odometer mileage." The dis-

trict court held that this regulation was intended to exempt the sale of new cars from the requirements of section 1988. Appellant urges, however, that the regulation is aimed at those transfers, from distributor to retailers, for example, that occur *prior* to the first sale of an automobile to a consumer. Thus, appellant contends that the exemption in question does not apply to the sale of the new car to Baker for personal use.

The plain language of the regulation, as well as the intent of the Act, supports appellant's contention. The district court's reading of the regulation fails to account for the significance of the word "prior" in its text. When given its everyday meaning, the word "prior" in this regulation signifies that the regulation is intended to exempt transfers of a vehicle that occur before its first transfer to a consumer (one who purchases a vehicle "for purposes other than resale").[1] Thus, common usage supports appellant's interpretation. The policy of the Act itself does no less.

The odometer disclosure requirements of the Motor Vehicle Information and Cost Savings Act are meant to protect consumers. "Because consumers rely upon odometer readings as an index of the condition and value of motor vehicles, [the disclosure requirements mandate] a national policy against the disconnecting of, or the setting back of, odometers in order to defraud purchasers of motor vehicles." S.Rep. No. 92–413, 92d Cong., 2d Sess. 16, *reprinted in* [1972] U.S.Code Cong. & Admin. News pp. 3960, 3962. *See also* S.Rep. No. 94–155, 94th Cong., 2d Sess. 3, 5 & 6, *reprinted in* [1976] U.S.Code Cong. & Admin. News pp. 1718, 1720, 1722–23. Although the danger of odometer tampering is perhaps greater in the used car market than in the sale of new cars, see *id.* at 1722, consumers rely upon odometer readings in both markets. Congress meant to insure that this reliance was not misplaced: "Both the language of the statute and its history show that it has one purpose: to enable the purchaser of a motor vehicle to know how many miles the vehicle has traveled, as a guide to its safety, reliability and value." *Ryan v. Edwards,* 592 F.2d 756, 760 (4th Cir. 1979) (footnote omitted).

As appellant's plight indicates, the potential for misrepresentation of a vehicle's mileage exists in the sale of both new and used cars. Congress has evinced no intention to exclude new vehicles from the disclosure requirements, and a reading of the plain language of the regulation, both by itself and in light of the Congressional purpose in enacting the requirements, does not reveal an administrative attempt to exempt the sale of new vehicles from the disclosure mandate.[2]

The judgment of the District Court dismissing this action is, therefore, reversed and the cause is remanded for further proceedings.

REVERSED and REMANDED.

---

1. This interpretation of the regulation is shared by Mr. John Womack, Assistant Chief Counsel for the Department of Transportation. *See* Letter of John Womack to Dennis Mackin, Esq., counsel for appellant (Feb. 24, 1978) (Brief of Appellant at Appendix A, 1).

2. Appellant argues in the alternative that if § 580.5(b) is properly read to exempt the sale of new vehicles from the odometer disclosure requirements, the regulation is void as contrary to the intent of the Motor Vehicle Information and Cost Savings Act. Brief of Appellant at 7–8. We do not find it necessary to address the broader question of the validity of the Secretary's regulations because, whether or not the Act is read to permit the Secretary to provide certain exemptions, § 580.5(b) does not purport to exempt the transaction that forms the basis of this action.